NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 08 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>SEMPERVIRENS MENTAL HEALTH FACILITY, an agency of the County of Humboldt; ASHA GEORGE, Dr. and Director; CHRIS STARETS-FOOTE, Dr. and Deputy Director,<br><br>        Defendants-Appellees. | No. 15-16612<br><br>D.C. No. 3:14-cv-00816-JD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted April 18, 2017
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and DRAIN,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

Appellant John Doe (Doe) appeals the district court's grant of summary judgment in favor of Sempervirens Mental Health Facility (Sempervirens), Dr. Asha George, and Dr. Chris Starets-Foote (Appellees) in Doe's 42 U.S.C. § 1983 action alleging deliberate indifference to his Second Amendment rights.[1] We review *de novo*. *See United States Small Bus. Admin. v. Bensal*, 853 F.3d 992, 996 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court properly granted summary judgment in Appellees' favor because Doe failed to raise a genuine dispute of material fact as to whether Appellees were deliberately indifferent in correcting the reporting error that prevented issuance of a gun permit. *See Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 794 (9th Cir. 2016) (en banc) (observing that deliberate indifference occurs if a constitutional violation is "patently obvious" and a "highly predictable consequence" of the municipal actor's conduct) (quoting *Connick v. Thompson*, 563 U.S. 51, 63 (2011)). At bottom, the action complained of was the result of failure to completely adhere to a very technical administrative process complicated by an intervening change in the governing law. This situation does not rise to the level of deliberate indifference. *See id.*

---

[1] The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

As Doe conceded, Appellees ultimately rectified the reporting error, alleviating any constitutional injury. *See Bauer v. Becerra*, 858 F.3d 1216, 1220-21 (9th Cir. 2017) (examining burden on Second Amendment right to determine whether the plaintiff suffered a constitutional injury). Absent a constitutional injury, no liability ensues under § 1983. *See Yousefian v. Cty. of Glendale*, 779 F.3d 1010, 1014-16 (9th Cir. 2015).

**AFFIRMED.**